# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Movant/Plaintiff,

vs.                                                          No. CIV 05-0146 MV/WPL
                                                                           No. CR 02-2278 MV

JAMIE KITTERMAN,

    Respondent/Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Jamie Kitterman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. She pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute five grams and more of methamphetamine, and she was sentenced to the mandatory minimum sentence of sixty months' incarceration, in addition to four years' supervised release. For the reasons that follow, I recommend that Kitterman's petition be denied.

## PROPOSED FINDINGS

### FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 2002, Jamie Kitterman was charged with conspiring to manufacture fifty grams and more of methamphetamine; manufacturing fifty grams and more of methamphetamine, and aiding and abetting; and keeping a place for manufacturing, distributing, storing, and using methamphetamine. [Doc. 23][1] On May 7, 2003, a superseding indictment charged Kitterman with

---

[1] Docket numbers refer to the criminal case, No. CR 02-2278 MV.

five additional counts: possession with intent to distribute five grams and more of methamphetamine and four counts of possession of a firearm in furtherance of a drug trafficking crime. [Doc. 55] On May 30, 2003, Kitterman entered into a plea agreement pursuant to which she would plead guilty to possession with intent to distribute five grams and more of methamphetamine. [Doc. 64] She and Plaintiff agreed that she accepted the mandatory minimum of sixty months' incarceration as her sentence. [*Id.* at 2] Kitterman was sentenced to sixty months' incarceration and four years' supervised release. [Doc. 80, 82]

On February 7, 2005, Kitterman filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. [Doc. 87] Plaintiff filed a response to Kitterman's motion. [Doc. 91] The presiding judge then referred this matter to me to recommend an ultimate disposition of the case. [Doc. 92]

### STANDARDS OF REVIEW

A petition under 28 U.S.C. § 2255 attacks the legality of a federal prisoner's detention. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Under § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

Because Kitterman is proceeding *pro se*, I will construe her pleadings liberally. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519

(1972)).  This broad reading of a *pro se* litigant's pleadings does not, however, relieve her of the burden of alleging sufficient facts upon which a legal claim may be based.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see United States v. Scott*, No. 93-1173, 7 F.3d 1046, 1993 WL 389463, at *2 (10th Cir. Oct. 5, 1993) (unpublished table decision).  A court is not required to fashion a *pro se* litigant's arguments for her where her allegations are conclusory and lack supporting factual averments.  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall*, 935 F.2d at 1110).

## INEFFECTIVE ASSISTANCE OF COUNSEL

Kitterman asserts that her counsel was ineffective for failing to negotiate a better plea agreement, being unaware of the possibility of home confinement based on the Family Unity Demonstration Project, and failing to actively pursue a better plea agreement based on her assistance to the DEA.  [Doc. 87 at 5]

To establish ineffective assistance of counsel, a habeas petitioner must satisfy a two-part test.  First, she must show that counsel's performance fell below an objective standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  Judicial scrutiny of counsel's performance is highly deferential; thus, the petitioner must overcome the presumption that the challenged action might be considered sound trial strategy.  *Id.* at 689.  Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*  "In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have

insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

Kitterman alleges that her counsel failed to negotiate a better plea agreement, to realize the possibility of home confinement, and to actively seek a better plea agreement based on her assistance to the DEA. [Doc. 87 at 5] She provides no support for these claims. Kitterman's period of incarceration equaled the statutory minimum for one of the seven counts with which she was charged. The maximum sentence for the charge to which she pleaded guilty was forty years. [Tr., Plea Hearing, at 18] This was a favorable agreement based on Kitterman's exposure at trial. In any case, the decision not to negotiate a different plea agreement is trial strategy which does not constitute ineffective assistance. *United States v. Garcia*, Nos. 01-03029-JWL, 97-20067-11-JWL, 2001 WL 579817, at *3 (D. Kan. May 23, 2001) (unpublished decision) (citing *United States v. Calderon*, 163 F.3d 644, 646 (D.C. Cir. 1999)). Further, Kitterman's claims are conclusory, and she has not shown that but for her counsel's error, she would not have pleaded guilty and would have proceeded to trial. *See Silva*, 430 F.3d at 1099.

### HOME CONFINEMENT AND UNAVAILABILITY OF BOOT CAMP

I construe Kitterman's other two claims to assert that she should have been given home confinement and that boot camp became unavailable to her. These claims appear to be directed not at the legality of Kitterman's sentence but at its execution. A § 2255 petition attacks the legality of detention, while "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw*, 86 F.3d at 166. Because Kitterman is confined in Texas, these claims are not properly before the Court.

**RECOMMENDED DISPOSITION**

For the reasons stated herein, I recommend that Kitterman's § 2255 petition [Doc. 87] be DENIED.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE